**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| **ARDESSA FLOYD, et al.,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| **v.** | * | **CASE NO.: 1:10-CV-164 (WLS)** |
| | * | |
| **CITY OF ALBANY, et al.,** | * | |
| | * | |
| **Defendants** | * | |

**ANSWER AND DEFENSES OF
WATER, GAS AND LIGHT COMMISSION OF THE CITY OF ALBANY;
BOARD OF WATER, GAS AND LIGHT COMMISSIONERS OF THE CITY OF ALBANY, DR. WILLIE ADAMS, JR.; JOANN POPE; CAROL H. FULLERTON; ANDREW J. REID, SR., AND COMMODORE CONYERS**

COME NOW the above-named defendants, and for their answers and defenses, state the following:

(Plaintiffs have amended their original complaint in a very unusual and confusing manner. Rather than withdrawing the allegations contained in the original complaint, they have filed additional paragraphs which are redundant and contain, in large part, the same information as in the original complaint, alleging a total of 196 paragraphs in the original complaint and the amended complaint. The defendants in the within answer and defenses will

only answer and address the paragraphs contained in the amended complaint. If this is done incorrectly, and if defendants should be required to answer the paragraphs in plaintiffs' said original complaint, defendants reserve the right to file additional responses to said original complaint. The term "defendant" as used in this responsive pleading is intended to be the defenses and answer of the defendants designated Water, Gas and Light Commissioni of the City of of Albany and its individual Commissioners.)

FIRST DEFENSE

Plaintiffs' original amended complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE
(MOTION TO DISMISS)

Pursuant to Fed. R. Civ. P. 12(b)(6), plaintiffs' complaint as it relates to the defendant designated "Water, Gas and Light Commission of the City of Albany" should be dismissed, because said designated defendant is not a legal entity capable of being sued.

THIRD DEFENSE
(MOTION TO DISMISS)

Pursuant to Fed. R. Civ. P. 12(b)(6), the individual defendants, all named in their official capacities as members of the Board of Water, Gas and Light Commissioners of the City of Albany, cannot be sued in such official capacities while acting for a non legal entity, namely the Water, Gas and Light Commission of the City of Albany. The only defendant named in plaintiffs' amended complaint that is a legal entity, capable of being sued, is defendant City of Albany; and the complaint should be dismissed as to all other named defendants.

FOURTH DEFENSE
(MOTION TO DISMISS)

Prior to filing the present lawsuit, plaintiffs did not comply with the Georgia Ante Litem Statute, O.C.G.A. § 36-33-5, and the amended complaint must be dismissed.

FIFTH DEFENSE

Plaintiffs are not third-party beneficiaries of the Competitive Trust, and any amendments thereto. Any benefits contained in the Competitive Trust are for MEAG and the City of Albany, and plaintiffs cannot show that the Competitive Trust is intended for their direct benefit.

SIXTH DEFENSE

Plaintiffs' claims for equitable relief should be denied because plaintiffs have an adequate remedy at law.

SEVENTH DEFENSE

Plaintiffs' claim for injunctive relief should be denied because they cannot show that irreparable injury will result to them if injunctive relief is not granted, and that it is likely that they will prevail on the merits, and that they are in substantial need of injunctive relief, and that any damage to plaintiffs will outweigh any foreseeable harm to the defendants.

EIGHTH DEFENSE

Plaintiffs' complaint should be dismissed because the claims alleged therein are not appropriate for adjudication as a class action.

ANSWER

(Again, defendants will respond only to the allegations raised in plaintiffs' first amended complaint.)

1.

Defendants deny the allegations contained in plaintiffs' introductory, unnumbered paragraph.

2.

Based upon available information, defendants admit the allegations contained in paragraph one of plaintiffs' amended complaint.

3.

For lack of sufficient information, defendants can neither admit nor deny the allegations contained in paragraph two of plaintiff's amended complaint.

4.

For lack of sufficient information, defendants can neither admit nor deny the allegations contained in paragraph three of plaintiffs' amended complaint.

5.

For lack of sufficient information, defendants can neither admit nor deny the allegations contained in paragraph four of plaintiffs' amended complaint.

6.

Defendants deny the allegations contained in paragraph five of plaintiffs' amended complaint. WG&L is a non-legal entity department of The City of Albany.

7.

Defendants admit the allegations contained in paragraph six of plaintiffs' amended complaint.

8.

Defendants admit the allegations contained in paragraph seven of plaintiffs' amended complaint.

9.

Defendants admit the allegations contained in paragraph eight of plaintiffs' amended complaint.

10.

Defendants admit the allegations contained in paragraph nine of plaintiffs' amended complaint.

11.

Responding to the allegations in paragraph ten of the amended complaint, the attorney for Water, Gas and Light Commission of The City of Albany has acknowledged service to the original complaint in this lawsuit.

12.

Defendants deny the allegations stated in paragraph eleven of plaintiffs' amended complaint, as pled. Answering further, defendants show that W,G&L was established as a City of Albany department to administer and set rates for electrical utilities, among other things.

13.

Defendants admit the allegations contained in paragraph twelve of plaintiffs' amended complaint.

14.

Defendants deny the allegations contained in paragraph thirteen of plaintiffs' amended complaint.

15.

Defendants admit that the real property owned by MEAG constitutes public property and that title is held by MEAG for the benefit of the public. Defendants deny the remaining allegations contained in paragraph fourteen of the amended complaint.

16.

Defendants admit the allegations contained in paragraph fifteen of plaintiffs' amended complaint.

17.

In responding to paragraph sixteen of plaintiffs' amended complaint, defendants incorporate herein defendant MEAG's response to said allegations.

18.

In responding to paragraph seventeen of plaintiffs' amended complaint, defendants incorporate herein defendant MEAG's response to said allegations.

19.

In responding to paragraph eighteen of plaintiffs' amended complaint, defendants incorporate herein defendant MEAG's response to said allegations.

20.

In responding to paragraph nineteen of plaintiffs' amended complaint, defendants incorporate herein defendant MEAG's response to said allegations.

21.

Defendants deny the allegations contained in paragraph twenty of plaintiffs' amended complaint.

22.

Defendants deny the allegations contained in paragraph twenty-one of plaintiffs' amended complaint.

23.

Defendants deny the allegations contained in paragraph twenty-two of plaintiffs' amended complaint.

24.

Responding to paragraph twenty-three of plaintiffs' amended complaint, these defendants admit that The City of Albany is a named beneficiary to the Competitive Trust; however, they deny that W,G&L is a beneficiary to said Competitive Trust.

25.

Responding to the allegations in paragraph twenty-four of plaintiffs' amended complaint, the defendants have no legal interest in the Competitive Trust, and deny such allegations as the same relates to them.

26.

Defendants deny the allegations contained in paragraph twenty-five of plaintiffs' amended complaint.

27.

Responding to the allegations in paragraph twenty-six of plaintiffs' amended complaint, the defendants show that they/it have no legal interest in the Competitive Trust; however, the documents referenced speak for themselves.

28.

Responding to the allegations in paragraph twenty-seven of plaintiffs' amended complaint, the defendants show that the document speaks for itself.

29.

Responding to the allegations in paragraph twenty-eight of plaintiffs' amended complaint, the defendants show that the document speaks for itself.

30.

Responding to the allegations in paragraph twenty-nine of plaintiffs' amended complaint, the defendants show that the document speaks for itself.

31.

Responding to the allegations in paragraph thirty of plaintiffs' amended complaint, the defendants show that the document speaks for itself.

32.

Responding to the allegations in paragraph thirty-one of plaintiffs' amended complaint, the defendants show that the document speaks for itself.

33.

Defendants deny the allegations contained in paragraph thirty-two of plaintiffs' amended complaint.

34.

Defendants deny the allegations contained in paragraph thirty-three of plaintiffs' amended complaint.

35.

Defendants deny the allegations contained in paragraph thirty-four of plaintiffs' amended complaint.

36.

Defendants deny the allegations contained in paragraph thirty-five of plaintiffs' amended complaint and further show that the first amendment and second alternative amendment limit MEAG's use of any funds; however, the amendments do not apply to the use of any alleged funds by The City of Albany and its department Water, Gas and Light Commission.

37.

Defendants admit the allegations contained in paragraph thirty-six of plaintiffs' amended complaint.

38.

Defendants admit the allegations contained in paragraph thirty-seven of plaintiffs' amended complaint.

39.

Defendants deny the allegations contained in paragraph thirty-eight of plaintiffs' amended complaint.

40.

Defendants deny the allegations contained in paragraph thirty-nine of plaintiffs' amended complaint. The Competitive Trust and its amendments provide a course of dealing between MEAG and the City of Albany, and said documents have absolutely no application to the City of Albany and its Water, Gas and Light departments in the management of the governmental functions of the City of Albany.

41.

Defendants deny the allegations contained in paragraph forty of plaintiffs' amended complaint.

42.

The allegations contained in paragraph forty-one of plaintiffs' amended complaint require no response of defendants; however, defendants deny that plaintiffs are entitled to maintain a class action pursuant to O.C.G.A. § 9-11-23.

43.

The allegations contained in paragraph forty-two of plaintiffs' amended complaint require no response of defendants; however, defendants deny that plaintiffs are entitled to maintain a class action pursuant to O.C.G.A. § 9-11-23.

44.

Defendants deny the allegations contained in paragraph forty-three of plaintiffs' amended complaint.

45.

Defendants deny the allegations contained in paragraph forty-four of plaintiffs' amended complaint.

46.

Defendants deny the allegations contained in paragraph forty-five of plaintiffs' amended complaint.

47.

Defendants deny the allegations contained in paragraph forty-six of plaintiffs' amended complaint.

48.

Defendants deny the allegations contained in paragraph forty-seven of plaintiffs' amended complaint.

49.

Defendants deny the allegations contained in paragraph forty-eight of plaintiffs' amended complaint.

50.

Defendants deny the allegations contained in paragraph forty-nine of plaintiffs' amended complaint.

51.

Defendants deny the allegations contained in paragraph fifty of plaintiffs' amended complaint.

52.

Defendants deny the allegations contained in paragraph fifty-one of plaintiffs' amended complaint.

53.

Defendants deny the allegations contained in paragraph fifty-two of plaintiffs' amended complaint.

54.

Defendants deny the allegations contained in paragraph fifty-three of plaintiffs' amended complaint.

55.

Defendants deny the allegations contained in paragraph fifty-four of plaintiffs' amended complaint.

56.

Defendants deny the allegations contained in paragraph fifty-five of plaintiffs' amended complaint.

57.

Defendants deny the allegations contained in paragraph fifty-six of plaintiffs' amended complaint.

58.

Defendants incorporate herein, in response to paragraph fifty-seven, their/its responses to the preceding paragraphs of plaintiffs' amended complaint.

59.

Defendants deny the allegations contained in paragraph fifty-eight of plaintiffs' amended complaint.

60.

Defendants deny the allegations contained in paragraph fifty-nine of plaintiffs' amended complaint.

61.

Defendants deny the allegations contained in paragraph sixty of plaintiffs' amended complaint.

62.

Defendants deny the allegations contained in paragraph sixty-one of plaintiffs' amended complaint.

63.

Defendants deny the allegations contained in paragraph sixty-two of plaintiffs' amended complaint.

64.

Defendants deny the allegations contained in paragraph sixty-three of plaintiffs' amended complaint.

65.

Defendants deny the allegations contained in paragraph sixty-four of plaintiffs' amended complaint.

66.

Defendants incorporate herein, in response to paragraph sixty-five, their/its responses to the preceding paragraphs of plaintiffs' amended complaint.

67.

Defendants deny the allegations contained in paragraph sixty-six of plaintiffs' amended complaint.

68.

Responding to paragraph sixty-seven of the amended complaint, these defendants admit that the electric rates arrived at by the Water, Gas and Light Commission are related to the revenue requirements of the Water, Gas and Light Commission, among other factors which the W,G&L Commission must take into consideration.

69.

Defendants deny the allegations contained in paragraph sixty-eight of plaintiffs' amended complaint.

70.

Defendants deny the allegations contained in paragraph sixty-nine of plaintiffs' amended complaint.

71.

Defendants deny the allegations contained in paragraph seventy of plaintiffs' amended complaint.

72.

Defendants deny the allegations contained in paragraph seventy-one of plaintiffs' amended complaint.

73.

Defendants incorporate herein, in response to paragraph seventy-two, their/its responses to the preceding paragraphs of plaintiffs' amended complaint.

74.

Defendants deny the allegations contained in paragraph seventy-three of plaintiffs' amended complaint, and further show that the trustees under said trust are not the defendants, Water, Gas and Light and its Commissioners but that said function is performed solely by MEAG.

75.

Defendants deny the allegations contained in paragraph seventy-four of plaintiffs' amended complaint.

76.

Defendants deny the allegations contained in paragraph seventy-five of plaintiffs' amended complaint.

77.

Defendants deny the allegations contained in paragraph seventy-six of plaintiffs' amended complaint.

78.

Defendants deny the allegations contained in paragraph seventy-seven of plaintiffs' amended complaint.

79.

Defendants deny the allegations contained in paragraph seventy-eight of plaintiffs' amended complaint.

80.

Defendants deny the allegations contained in paragraph seventy-nine of plaintiffs' amended complaint.

81.

Defendants deny the allegations contained in paragraph eighty of plaintiffs' amended complaint.

82.

Defendants deny the allegations contained in paragraph eighty-one of plaintiffs' amended complaint.

83.

Defendants deny the allegations contained in paragraph eighty-two of plaintiffs' amended complaint.

84.

Responding to the allegations in paragraph eighty-three of plaintiffs' amended complaint, the defendants deny that they have unlawfully profited from the citizens of Albany; however, it is impossible to completely answer the allegations of said paragraph because it refers to Article IX, Section II, Paragraph VI of the Constitution of the State of Georgia, and said provision relates to the creation of special districts for local government services and has absolutely no application to the present lawsuit.

85.

Responding to paragraph eighty-four of plaintiffs' amended complaint, the defendants show that the areas served for electric services by the City of Albany is determined by the provisions of the Georgia Territorial Electric Service Act (O.C.G.A. § 46-3-1 et seq.).

86.

Responding to paragraph eighty-five of plaintiffs' amended complaint, the defendants show that the areas served for electric services by the City of Albany is determined by the

provisions of the Georgia Territorial Electric Service Act (O.C.G.A. § 46-3-1 et seq.).

87.

Defendants deny the allegations contained in paragraph eighty-six of plaintiffs' amended complaint, and further show that no "MEAG Distribution" has been transferred to defendants.

88.

Defendants deny the allegations contained in paragraph eighty-seven of plaintiffs' amended complaint.

89.

Defendants deny the allegations contained in paragraph eighty-eight of plaintiffs' amended complaint.

90.

Responding to paragraph eighty-nine of the plaintiffs' amended complaint, the defendants deny that the plaintiffs are entitled to such relief.

91.

Defendants incorporate herein, in response to paragraph ninety, their/its responses to the preceding paragraphs of plaintiffs' amended complaint.

92.

Defendants deny the allegations contained in paragraph ninety-one of plaintiffs' amended complaint.

93.

Defendants deny the allegations contained in paragraph ninety-two of plaintiffs' amended complaint.

94.

Defendants incorporate herein, in response to paragraph ninety-three, their/its responses to the preceding paragraphs of plaintiffs' amended complaint.

95.

Responding to paragraph ninety-four of the plaintiffs' amended complaint, the defendants deny that the plaintiffs are entitled to such relief.

96.

Defendants incorporate herein, in response to paragraph ninety-five, their/its responses to the preceding paragraphs of plaintiffs' amended complaint.

97.

Responding to paragraph ninety-six of the plaintiffs' amended complaint, the defendants deny that the plaintiffs are entitled to such relief.

98.

Defendants incorporate herein, in response to paragraph ninety-seven, their/its responses to the preceding paragraphs of plaintiffs' amended complaint.

99.

Defendants deny the allegations contained in paragraph ninety-eight of plaintiffs' amended complaint, and further show that there has been no "MEAG Distribution" to defendants.

100.

Responding to paragraph ninety-nine of the plaintiffs' amended complaint, the defendants deny that the plaintiffs are entitled to such relief.

101.

Responding to paragraph one hundred of the plaintiffs' amended complaint, the defendants deny that the plaintiffs are entitled to such relief.

102.

Responding to paragraph one hundred one of the plaintiffs' amended complaint, the defendants deny that the plaintiffs are entitled to such relief.

103.

Defendants deny each and every other allegation contained in plaintiffs' amended complaint not herein specifically denied or controverted.

WHEREFORE, defendants demand the following:

a. That plaintiff's amended complaint be denied and dismissed;

b. That plaintiff's prayers for injunctive and equitable relief be denied;

c. That the Court deny plaintiffs request that their claims be given class action status;

d. That defendants be awarded attorneys fees and other expenses of litigation;

e. That plaintiff have a jury trial on all contested issues of fact; and

f. That defendants have such other and further relief as the Court may deem just and proper.

**/s/B. Samuel Engram, Jr.**
B. Samuel Engram, Jr.
Attorney for Defendants
Water, Gas and Light Commission of
The City of Albany
and its individual Commissioners

P.O. Box 1578
Albany, Georgia 31702-1578
Phone: (229) 431-0067
Fax: (229) 431-0068
E-mail: bsengram@vol.com
Georgia Bar No. 249100

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **ARDESSA FLOYD, et al.,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| v. | * | **CASE NO.: 1:10-CV-164 (WLS)** |
| | * | |
| **CITY OF ALBANY, et al.,** | * | |
| | * | |
| **Defendants** | * | |

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles E. Peeler, Esq.
Post Office Box 7
Albany, Georgia 31702

Patrick S. Flynn, Esq.
Post Office Box 7
Albany, Georgia 31702

Robert M. Margeson, III, Esq.
P.O. Box 768
Albany, Georgia 31708-0768

C. Nathan Davis, Esq.
Post Office Box 447
Albany, Georgia 31702

Jenise S. Smith, Esq.
Post Office 447
Albany, Georgia 31702

Peter M. Degnan, Esq.
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309

Respectfully submitted,

**/s/B. Samuel Engram, Jr.**
B. Samuel Engram, Jr.
P.O. Box 1578
Albany, Georgia 31702-1578
Phone: (229) 431-0067
Fax: (229) 431-0068
E-mail: bsengram@vol.com
Georgia Bar No. 249100