IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ARDESSA FLOYD, individually and as representative of a class; DIANNE CARR, individually and as representative of a class; PJ'S DECORATIVE FABRICS, INC., individually and as representative of a class,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ALBANY; MUNICIPAL ELECTRIC AUTHORITY OF GEORGIA, et. al.<br><br>Defendants. | Civil Action No.: 1:10-cv-00164-WLS |

**RESPONSE OF DEFENDANTS CITY OF ALBANY, DR. WILLIE ADAMS, JR., JON HOWARD, DOROTHY HUBBARD, CHRISTOPHER PIKE, ROGER MARIETTA, BOB LANGSTAFF AND TOMMIE POSTELL IN THEIR OFFICIAL CAPACITY**

NOW COME Defendants City of Albany, Dr. Willie Adams, Jon Howard, Dorothy Hubbard, Christopher Pike, Roger Marietta, Bob Langstaff, and Tommie Postell in their official capacity and responds to Plaintiffs' First Amended Complaint as follows:

**FIRST DEFENSE**

Plaintiffs' complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs lack standing to bring this lawsuit.

**THIRD DEFENSE**

Defendants are entitled to sovereign and/or governmental immunity.

**FOURTH DEFENSE**

Plaintiffs are not entitled to maintain a class action because they have not met the requirements and prerequisites for bringing forth a class action as contained under Fed. R. Civ. P. 23 or O.C.G.A. § 9-11-23.

**FIFTH DEFENSE**

Plaintiffs have not complied with O.C.G.A. § 36-33-5; therefore, their lawsuit should be dismissed.

**SIXTH DEFENSE**

Plaintiffs are not third party beneficiaries of the Competitive Trust, and any amendments thereto, and Plaintiffs have no legal rights or entitlements under the Competitive Trust.

**SEVENTH DEFENSE**

Plaintiffs' claims for equitable relief should be denied because Plaintiffs have an adequate remedy at law exists.

**EIGHTH DEFENSE**

Class certification for Plaintiffs is inappropriate, and Plaintiffs cannot maintain this action as class action.

**NINTH DEFENSE**

Plaintiffs are not entitled to recover the damages that they seek.

Responding to the numbered paragraphs in the first amended complaint, Defendants City of Albany, Dr. Willie Adams, Jon Howard, Dorothy Hubbard, Christopher Pike, Roger Marietta, Bob Langstaff, and Tommie Postell in their official capacity show this court:

1.

Defendants deny the allegations in the introductory paragraph.

2.

Defendants admit the allegations in paragraph 1.

3.

Defendants lack sufficient knowledge or information to form a belief about the veracity of the allegations in paragraph 2.

4.

Defendants lack sufficient knowledge or information to form a belief about the veracity of the allegations in paragraph 3.

5.

Defendants lack sufficient knowledge or information to form a belief about the veracity of the allegations in paragraph 4.

6.

Defendants deny the allegations in paragraph 5.

7.

Defendants admit the allegations in paragraph 6.

8.

Defendants admit the allegations in paragraph 7.

9.

Defendants admit the allegations in paragraph 8 as they contain the jurisdiction of the United States District Court for the Middle District of Georgia.

10.

Defendants admit the allegations in paragraph 9 as they contain to venue being proper in the United States District Court for the Middle District of Georgia.

11.

Defendants admit the allegations in paragraph 10 pertaining to Defendants.

12.

In responding to paragraph 11 of the complaint, Defendants incorporate herein Defendant MEAG's and Defendants Water, Gas, and Light and its Commissioners' response to said allegations.

13.

Defendants admit the allegations in paragraph 12.

14.

Defendants deny the allegations in paragraph 13.

15.

Defendants lack sufficient knowledge or information to form a belief about the veracity of the allegations in paragraph 14.

16.

Defendants admit the allegations in paragraph 15.

17.

In responding to paragraph 16 of the complaint, Defendants incorporate herein Defendant MEAG's and Defendants Water, Gas, and Light and its Commissioners' response to said allegations.

18.

In responding to paragraph 17 of the complaint, Defendants incorporate herein Defendant MEAG's and Defendants Water, Gas, and Light and its Commissioners' response to said allegations.

19.

In responding to paragraph 18 of the complaint, Defendants incorporate herein Defendant MEAG's and Defendants Water, Gas, and Light and its Commissioners' response to said allegations.

20.

In responding to paragraph 19 of the complaint, Defendants incorporate herein Defendant MEAG's and Defendants Water, Gas, and Light and its Commissioners' response to said allegations.

21.

Defendants deny the allegations in paragraph 20 of the complaint.

22.

Defendants deny the allegations in paragraph 21 of the complaint.

23.

Defendants deny the allegations in paragraph 22 of the complaint.

24.

In responding to paragraph 23 of the complaint, Defendants incorporate herein Defendants Water, Gas, and Light and its Commissioners' response to said allegations.

25.

In responding to paragraph 24 of the complaint, Defendants incorporate herein Defendants Water, Gas, and Light and its Commissioners' response to said allegations.

26.

Defendants deny the allegations in paragraph 25.

27.

In responding to paragraph 26 of the complaint, Defendants incorporate herein Defendants MEAG's response to said allegations.

28.

In responding to paragraph 27 of the complaint, Defendants incorporate herein Defendants MEAG's response to said allegations.

29.

In responding to paragraph 28 of the complaint, Defendants incorporate herein Defendants MEAG's response to said allegations.

30.

In responding to paragraph 29 of the complaint, Defendants incorporate herein Defendants MEAG's response to said allegations.

31.

In responding to paragraph 30 of the complaint, Defendants incorporate herein Defendants MEAG's response to said allegations.

32.

In responding to paragraph 31 of the complaint, Defendants incorporate herein Defendants MEAG's response to said allegations.

33.

In responding to paragraph 32 of the complaint, Defendants incorporate herein Defendants MEAG's response to said allegations.

34.

Defendants deny the allegations in paragraph 33.

35.

Defendants deny the allegations in paragraph 34.

36.

Defendants deny the allegations in paragraph 35.

37.

In responding to paragraph 36 of the complaint, Defendants incorporate herein Defendants Water, Gas, and Light and its Commissioners' response to said allegations.

38.

Defendants deny the allegations in paragraph 37.

39.

Defendants deny the allegations in paragraph 38.

40.

Defendants deny the allegations in paragraph 39.

41.

As to paragraph 40, Defendants admit only that Plaintiffs have brought said action. All other allegations in paragraph 40 are denied.

42.

As to paragraph 41, Defendants admit only that Plaintiffs have made the request of this court as described in paragraph 41. Defendants deny that Plaintiffs are entitled to requested relief.

43.

Defendants deny the allegations in paragraph 42.

44.

Defendants deny the allegations in paragraph 43.

45.

Defendants deny the allegations in paragraph 44.

46.

Defendants deny the allegations in paragraph 45.

47.

Defendants deny the allegations in paragraph 46.

48.

Defendants deny the allegations in paragraph 47.

49.

Defendants deny the allegations in paragraph 48.

50.

Defendants deny the allegations in paragraph 49.

51.

Defendants deny the allegations in paragraph 50.

52.

Defendants deny the allegations in paragraph 51.

53.

Defendants deny the allegations in paragraph 52.

54.

Defendants deny the allegations in paragraph 53.

55.

Defendants deny the allegations in paragraph 54.

56.

Defendants deny the allegations in paragraph 55.

57.

As to paragraph 56, Defendants reallege its responses to the preceding paragraphs set forth in Plaintiffs' complaint and hereby incorporate them as fully set forth herein.

58.

Defendants deny the allegations in paragraph 57.

59.

Defendants deny the allegations in paragraph 58.

60.

Defendants deny the allegations in paragraph 59.

61.

Defendants deny the allegations in paragraph 60.

62.

Defendants deny the allegations in paragraph 61.

63.

Defendants deny the allegations in paragraph 62.

64.

Defendants deny the allegations in paragraph 63.

65.

As to paragraph 64, Defendants reallege its responses to the preceding paragraphs set forth in Plaintiffs' complaint and hereby incorporate them as fully set forth herein.

66.

Defendants deny the allegations in paragraph 65.

67.

Defendants deny the allegations in paragraph 66.

68.

[Defendants deny the allegations in paragraph 67.

69.

Defendants deny the allegations in paragraph 68.

70.

Defendants deny the allegations in paragraph 69.

71.

Defendants deny the allegations in paragraph 70.

72.

As to paragraph 71, Defendants reallege its responses to the preceding paragraphs set forth in Plaintiffs' complaint and hereby incorporate them as fully set forth herein.

73.

Defendants deny the allegations in paragraph 72.

74.

Defendants deny the allegations in paragraph 73.

75.

Defendants deny the allegations in paragraph 74.

76.

Defendants deny the allegations in paragraph 75.

77.

Defendants deny the allegations in paragraph 76.

78.

Defendants deny the allegations in paragraph 77.

79.

Defendants deny the allegations in paragraph 78.

80.

Defendants deny the allegations in paragraph 79.

81.

Defendants deny the allegations in paragraph 80.

82.

Defendants deny the allegations in paragraph 81.

83.

Defendants deny the allegations in paragraph 82.

84.

As to paragraph 83, Defendants admit that Plaintiffs request the relief described therein but deny that Pl Defendants deny the allegations in paragraph 72.

85.

As to paragraph 84, Defendants reallege its responses to the preceding paragraphs set forth in Plaintiffs' complaint and hereby incorporate them as fully set forth herein.

86.

Defendants deny the allegations in paragraph 85.

87.

Defendants deny the allegations in paragraph 86.

88.

As to paragraph 87, Defendants reallege its responses to the preceding paragraphs set forth in Plaintiffs' complaint and hereby incorporate them as fully set forth herein.

89.

As to paragraph 88, Defendants admit that Plaintiffs request the relief described therein but deny that Plaintiffs are entitled to such relief.

90.

As to paragraph 89, Defendants reallege its responses to the preceding paragraphs set forth in Plaintiffs' complaint and hereby incorporate them as fully set forth herein.

91.

As to paragraph 90, Defendants admit that Plaintiffs request the relief described therein but deny that Plaintiffs are entitled to such relief.

92.

As to paragraph 91, Defendants reallege its responses to the preceding paragraphs set forth in Plaintiffs' complaint and hereby incorporate them as fully set forth herein.

93.

Defendants deny the allegations in paragraph 92.

94.

As to paragraph 93, Defendants admit that Plaintiffs request the relief described therein but deny that Plaintiffs are entitled to such relief.

95.

As to paragraph 94, Defendants admit that Plaintiffs request the relief described therein but deny that Plaintiffs are entitled to such relief.

96.

As to paragraph 95, Defendants admit that Plaintiffs request the relief described therein but deny that Plaintiffs are entitled to such relief.

97.

Any allegation in the Complaint not specifically admitted above is hereby denied.

WHEREFORE, Defendants City of Albany, Dr. Willie Adams, Jon Howard, Dorothy Hubbard, Christopher Pike, Roger Marietta, Bob Langstaff, and Tommie Postell in their official capacity respectfully demand that judgment be entered in their favor; that these Defendants receive such other and further relief as deemed appropriate by this court.

This 20th day of December, 2010.

C. Nathan Davis, City Attorney
Georgia Bar No. 207750

Jenise S. Smith, Assistant City Attorney
Georgia Bar No. 163920

201 W. Oglethorpe Blvd.
Suite 355
Albany, GA 31701
Tel: 229.431.2805
Fax: 229.431.3206

Attorneys for Defendant City of Albany and Its Commissioners

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| ARDESSA FLOYD, individually and as representative of a class; DIANNE CARR, individually and as representative of a class; PJ'S DECORATIVE FABRICS, INC., individually and as representative of a class, Plaintiffs, | |
| v. | Civil Action No.: 1:10-cv-00164-WLS |
| CITY OF ALBANY; MUNICIPAL ELECTRIC AUTHORITY OF GEORGIA, et. al. Defendants. | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2010, I electronically filed *Response of Defendants City of Albany, Dr. Willie Adams, Jr., Jon Howard, Dorothy Hubbard, Christopher Pike, Roger Marietta, Bob Langstaff and Tommie Postell in Their Official Capacity* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Robert M. Margeson, III, Esq., Charles E. Peeler, Patriek S. Flynn, Esq., Peter M. Degnan, Esq. and B. Samuel Engram, Jr., Esq. and I further certify that I have served the document upon Robert M. Margeson, III, Esq., Charles E. Peeler, Patriek S. Flynn, Esq., Peter M. Degnan, Esq. and B. Samuel Engram, Jr., Esq., by U. S. mail with sufficient first class postage affixed thereto, and addressed as follows:

Robert M. Margeson, III, Esq.
Margeson, Flynn & Associates
317 W. Tift Ave.
Albany, GA 31701

Charles E. Peeler, Esq.
Patrick S. Flynn, Esq.
Flynn Peeler & Phillips, LLC
PO Box 7
Albany, GA 31702

Peter M. Degnan, Esq.
Alston & Bird LLP
1201 W. Peachtree St.
Atlanta, GA 30309-3424

B. Samuel Engram, Jr., Esq.
PO Box 1578
Albany, GA 31702

SO CERTIFIED this 20th day of December, 2010.

C. Nathan Davis, City Attorney
Georgia Bar No. 207750

Attorney for Defendant City of Albany and Its Commissioners

201 W. Oglethorpe Blvd.
Suite 355
Albany, GA 31701
Tel: 229.431.2805
Fax: 229.431.3206