**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| ARDESSA FLOYD, individually and as representative of a class; DIANNE CARR, individually and as representative of a class; PJ'S DECORATIVE FABRICS, INC., individually and as representative of a class,<br><br>Plaintiffs,<br>v.<br><br>CITY OF ALBANY; et al.,<br><br>Defendants,<br><br>-and-<br><br>MUNICIPAL ELECTRIC AUTHORITY OF GEORGIA,<br><br>Defendant-Intervenor. | Civil Action No. 1:10-cv-00164-WLS |

# ANSWER AND AFFIRMATIVE DEFENSES OF THE MUNICIPAL ELECTRIC AUTHORITY OF GEORGIA TO PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW, the Municipal Electric Authority of Georgia ("MEAG Power"), a public authority and public corporation of the State of Georgia with its principal office in Fulton County, Georgia, and files the following Answer and

Affirmative Defenses to Plaintiffs' First Amended Complaint Seeking Certification of Class for Equitable and Monetary Relief.

In response to specific Paragraphs contained in Plaintiffs' First Amended Complaint, Defendant MEAG Power answers as follows:

## INTRODUCTION

In responding to Plaintiffs' unnumbered Introductory paragraph, Defendant MEAG Power admits that the other named Defendants may receive certain credits against the MEAG Power monthly wholesale power bill from funds contained with the Municipal Competitive Trust, as amended, over the period of time commencing January 2009 continuing through December 2018. Defendant MEAG Power denies the remaining averments contained in said Introductory paragraph.

## PARTIES, JURISDICTION AND VENUE

1.

Defendant MEAG Power lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 1.

2.

Defendant MEAG Power lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 2.

3.

Defendant MEAG Power lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 3.

4.

Defendant MEAG Power lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 4.

5.

Defendant MEAG Power lacks knowledge or information sufficient to form a belief about the truth of the averments set forth in Paragraph 5.

6.

Defendant MEAG Power lacks knowledge or information sufficient to form a belief about the truth of the averments contained in the first sentence of Paragraph 6. Defendant MEAG Power admits the averments contained in the remainder of said paragraph.

7.

Defendant MEAG Power admits the averments contained in Paragraph 7.

8.

Defendant MEAG Power admits the averments contained in Paragraph 8 with respect to the jurisdiction of the United States District Court for the Middle

District of Georgia. Said Defendant denies such averments as they pertain to any other court.

9.

Defendant MEAG Power admits the averments contained in Paragraph 9 with respect to venue being proper in the United States District Court for the Middle District of Georgia. Said Defendant denies such averments as they pertain to any other court.

10.

Defendant MEAG Power lacks knowledge or information sufficient to form a belief about the truth of the averments contained within Paragraph 10.

**GENERAL ALLEGATIONS**

11.

Upon information and belief, Defendant MEAG Power denies the averments contained within Paragraph 11.

12.

Defendant MEAG Power admits that it was created as a public power entity by an Act of the Georgia General Assembly on March 18, 1975. MEAG Power denies that it is an association or that it is called or known as the Municipal Electrical Association of Georgia. Except to the extent admitted herein, Defendant MEAG Power denies the averments contained within Paragraph 12.

13.

Defendant MEAG Power admits that the City of Albany is a participant as that term is defined in the Power Sales Contracts entered into between Defendant MEAG Power and the City of Albany. Except to the extent admitted herein, Defendant MEAG Power denies the averments contained in Paragraph 13.

14.

Defendant MEAG Power admits that the real property owned by it constitutes public property and that title is held by MEAG Power for the benefit of the public. Said Defendant denies the remaining averments contained within Paragraph 14.

15.

The averments contained in Paragraph 15 are quotations and characterizations of a Georgia statute, which speaks for itself. Subject to that qualification, Defendant MEAG Power admits the averments contained within Paragraph 15.

16.

Defendant MEAG Power admits that a portion of the averments contained in Paragraph 16 are a quotation from a portion of the statutory powers vested in MEAG Power by the Act of the Georgia Assembly on March 18, 1975, which Act speaks for itself. Said Defendant further admits that the Power Sales Contracts

between it and the participants address the rates, fees and charges required to be paid by the MEAG Power participants. Said Defendant denies the remaining averments contained in said Paragraph.

17.

Defendant MEAG Power admits the averments contained in the first sentence of Paragraph 17 and further admits that MEAG Power created the Municipal Competitive Trust for the purposes described in the trust document creating said Municipal Competitive Trust. Said Defendant denies the remaining averments contained in said Paragraph.

18.

Defendant MEAG Power admits that one of the purposes of the Municipal Competitive Trust was to accumulate funds to mitigate the impacts that could result from the deregulation of the electric industry in Georgia. Said Defendant further states that a complete description of the purposes of the Municipal Competitive Trust is set forth in that trust document, as amended from time to time, and denies the averments contained in Paragraph 18 to the extent said averments are inconsistent with the language of the trust documents.

19.

Defendant MEAG Power admits the averments contained in Paragraph 19 that deregulation of the sale of retail electric power has not occurred in Georgia.

Said Defendant further admits that the existence of the Municipal Competitive Trust has been of benefit to MEAG Power in connection with its credit rating. Said Defendant denies the remaining averments contained in Paragraph 19.

20.

Defendant MEAG Power denies the averments contained in Paragraph 20.

21.

Defendant MEAG Power denies the averments contained in Paragraph 21.

22.

Defendant MEAG Power lacks knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 22.

23.

Defendant MEAG Power admits the averments contained in Paragraph 23 that the Defendants are signatories to the Municipal Competitive Trust and further admits that the Beneficiaries to the Municipal Competitive Trust comprise all wholesale customers of MEAG Power which have executed and delivered a counterpart of the trust document. Except to the extent admitted herein, said Defendant denies the remaining averments contained in Paragraph 23.

24.

Defendant MEAG Power denies the averments contained in Paragraph 24.

25.

Defendant MEAG Power denies the averments contained in Paragraph 25.

26.

Defendant MEAG Power admits the averment contained in Paragraph 26 that each of its Participants approved the First Amendment to the Municipal Competitive Trust. Defendant MEAG Power further admits that a purpose of the First Amendment is to apply funds from certain Municipal Competitive Trust sub-accounts for the purpose of lowering Participants' annual generation billing from MEAG during the period of 2009 through 2018. Said Defendant denies the remaining averments contained in said Paragraph 26 as stated.

27.

Defendant MEAG Power denies the averments contained in Paragraph 27 as stated.

28.

Defendant MEAG Power denies the averment that the documents described in Paragraph 28 were distributed on or about October 2008 but admits the remaining averments contained in Paragraph 28. Said Defendant further states that there were additional purposes accomplished by the Second Amendment not described in said Paragraph.

29.

Defendant MEAG Power denies the averment that the documents described in Paragraph 29 were distributed on or about August 2009 but admits the remaining averments contained in Paragraph 29.

30.

Defendant MEAG Power admits the averments contained in Paragraph 30.

31.

Defendant MEAG Power admits the averments contained in Paragraph 31.

32.

Defendant MEAG Power denies the averments contained in Paragraph 32.

33.

Defendant MEAG Power denies that it is making any distribution of funds contained within the Municipal Competitive Trust to WGL or the City. Defendant MEAG Power is providing credits against the City's and WGL's wholesale power supply bill. Said Defendant further admits that the amount of such credits were at one point anticipated to be in the approximate amount of 88 million dollars and were anticipated to be applied in amounts ranging from approximately 5 million to approximately 12 million dollars per year. Defendant MEAG Power denies the remaining averments contained in Paragraph 33.

34.

Defendant MEAG Power admits that beginning in 2009, WG&L and the City began receiving credits against the wholesale power supply bill for the City of Albany. Said Defendant denies the remaining averments contained in Paragraph 34.

35.

Defendant MEAG Power denies the averments contained in Paragraph 35.

36.

Defendant MEAG Power is without knowledge or information to form a belief about the truth of the allegations set forth in Paragraph 36.

37.

The averments contained in Paragraph 37 are quotations and characterizations of the City charter, which speaks for itself. Subject to that qualification, Defendant MEAG Power admits the averments contained within Paragraph 37.

38.

Defendant MEAG Power denies the averments contained in Paragraph 38.

39.

Defendant MEAG Power denies the averments contained in Paragraph 39.

40.

Defendant MEAG Power denies the averments contained in Paragraph 40.

**CLASS ALLEGATIONS**

41.

Defendant MEAG Power admits that Plaintiffs have brought this action. Said Defendant denies the remaining averments contained in Paragraph 41.

42.

Defendant MEAG Power admits that Plaintiffs have made the request of this Court as described in Paragraph 42. Said Defendant denies that Plaintiffs are entitled to the requested relief.

43.

Defendant MEAG Power denies the averments contained in Paragraph 43.

44.

Defendant MEAG Power denies the averments contained in Paragraph 44.

45.

Defendant MEAG Power denies the averments contained in Paragraph 45.

46.

Defendant MEAG Power denies the averments contained in Paragraph 46.

47.

Defendant MEAG Power denies the averments contained in Paragraph 47.

48.

Defendant MEAG Power is without knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 48.

49.

Defendant MEAG Power denies the averments contained in Paragraph 49.

50.

Defendant MEAG Power denies the averments contained in Paragraph 50.

51.

Defendant MEAG Power denies the averments contained in Paragraph 51.

52.

Defendant MEAG Power denies the averments contained in Paragraph 52.

53.

Defendant MEAG Power denies the averments contained in Paragraph 53.

54.

Defendant MEAG Power denies the averments contained in Paragraph 54.

55.

Defendant MEAG Power denies the averments contained in Paragraph 55.

56.

Defendant MEAG Power denies the averments contained in Paragraph 56.

## CAUSES OF ACTION

## COUNT I

57.

Defendant MEAG Power realleges its responses to the preceding paragraphs set forth in Plaintiffs' Complaint and hereby incorporates them as fully set forth herein.

58.

Defendant MEAG Power denies the averments contained in Paragraph 58.

59.

Defendant MEAG Power denies the averments contained in Paragraph 59.

60.

Defendant MEAG Power denies the averments contained in Paragraph 60.

61.

Defendant MEAG Power denies the averments contained in Paragraph 61.

62.

Defendant MEAG Power denies the averments contained in Paragraph 62.

63.

Defendant MEAG Power denies the averments contained in Paragraph 63.

64.

Defendant MEAG Power denies the averments contained in Paragraph 64.

## COUNT II

65.

Defendant MEAG Power realleges its responses to the preceding paragraphs of Plaintiffs' Complaint and hereby incorporates them as fully set forth herein.

66.

Defendant MEAG Power denies the averments contained in Paragraph 66.

67.

Defendant MEAG Power denies the averments contained in Paragraph 67.

68.

Defendant MEAG Power denies the averments contained in Paragraph 68.

69.

Defendant MEAG Power denies the averments contained in Paragraph 69.

70.

Defendant MEAG Power denies the averments contained in Paragraph 70.

71.

Defendant MEAG Power denies the averments contained in Paragraph 71.

## COUNT III

72.

Defendant MEAG Power realleges its responses to the preceding paragraphs set forth in Plaintiffs' Complaint and hereby incorporates them as fully set forth herein.

73.

Defendant MEAG Power denies the averments contained in Paragraph 73.

74.

Defendant MEAG Power denies the averments contained in Paragraph 74.

75.

Defendant MEAG Power denies the averments contained in Paragraph 75.

76.

Defendant MEAG Power denies the averments contained in Paragraph 76.

77.

Defendant MEAG Power denies the averments contained in Paragraph 77.

78.

Defendant MEAG Power denies the averments contained in Paragraph 78.

79.

Defendant MEAG Power denies the averments contained in Paragraph 79.

80.

Defendant MEAG Power denies the averments contained in Paragraph 80.

81.

Defendant MEAG Power denies the averments contained in Paragraph 81.

82.

Defendant MEAG Power denies the averments contained in Paragraph 82.

83.

Defendant MEAG Power denies the averments contained in Paragraph 83.

84.

Defendant MEAG Power denies the averments contained in Paragraph 84 as stated. Said Defendant further states that the Georgia Territorial Electric Service Act (O.C.G.A. § 46-3-1 et seq.) provides the statutory framework by which electric suppliers are assigned to specific geographic areas with the State of Georgia. Except to the extent admitted herein, said Defendant denies the remaining averments contained in Paragraph 84.

85.

Defendant MEAG Power denies the averments contained in Paragraph 85 as stated. Said Defendant further states that the Georgia Territorial Electric Service Act (O.C.G.A. § 46-3-1 et seq.) provides the statutory framework by which electric suppliers are assigned to specific geographic areas with the State of Georgia.

Except to the extent admitted herein, said Defendant denies the remaining averments contained in Paragraph 85.

86.

Defendant MEAG Power denies the averments contained in Paragraph 86.

87.

Defendant MEAG Power denies the averments contained in Paragraph 87.

88.

Defendant MEAG Power denies the averments contained in Paragraph 88.

89.

Defendant MEAG Power admits that Plaintiffs request the relief described in Paragraph 89 but denies that Plaintiffs are entitled to such relief.

**COUNT IV**

90.

Defendant MEAG Power realleges its response to the preceding paragraphs in Plaintiffs' Complaint and hereby incorporates them as fully set forth herein.

91.

Defendant MEAG Power denies the averments contained in Paragraph 91.

92.

Defendant MEAG Power denies the averments contained in Paragraph 92.

**COUNT V**

93.

Defendant MEAG Power realleges its response to the preceding paragraphs in Plaintiffs' Complaint and hereby incorporates them as fully set forth herein.

94.

Defendant MEAG Power admits that Plaintiffs are seeking the relief described in Paragraph 94 but denies that such Plaintiffs are entitled to such relief.

**COUNT VI**

95.

Defendant MEAG Power realleges its response to the preceding paragraphs in Plaintiffs' Complaint and incorporates them as fully set forth herein.

96.

Defendant MEAG Power admits that Plaintiffs are seeking the relief described in Paragraph 96 but denies that such Plaintiffs are entitled to such relief.

**COUNT VII**

97.

Defendant MEAG Power realleges its response to the preceding paragraphs in Plaintiffs' Complaint and incorporates them as fully set forth herein.

98.

Defendant MEAG Power denies the averments contained in Paragraph 98.

99.

Defendant MEAG Power admits that Plaintiffs are seeking the relief described in Paragraph 99 but denies that such Plaintiffs are entitled to such relief.

100.

Defendant MEAG Power admits that Plaintiffs are seeking the relief described in Paragraph 100 but denies that such Plaintiffs are entitled to such relief.

101.

Defendant MEAG Power admits that Plaintiffs are seeking the relief described in Paragraph 101 but denies that such Plaintiffs are entitled to such relief.

## AFFIRMATIVE DEFENSES

In further defense of this matter, and without admitting that it has the burden of proving any of the following matters, MEAG Power asserts the following affirmative defenses.

## FIRST DEFENSE

Plaintiffs' First Amended Complaint, and each claim asserted therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

**THIRD DEFENSE**

Counts I and II of Plaintiffs' First Amended Complaint are barred by the doctrine of failure of consideration.

**FOURTH DEFENSE**

Plaintiffs lack standing to bring the current action.

**FIFTH DEFENSE**

Plaintiffs have impermissibly joined and combined parties.

**SIXTH DEFENSE**

Some or all of Plaintiffs' claims may be preempted by state and/or federal statutes, rules, and regulations.

**SEVENTH DEFENSE**

Plaintiffs are not third-party beneficiaries of the Municipal Competitive Trust and therefore have no claim for breach of contract with respect to the Municipal Competitive Trust.

**EIGHTH DEFENSE**

Plaintiffs' claims for injunctive relief should be dismissed because an adequate remedy at law exists.

**NINTH DEFENSE**

Plaintiffs are not entitled to maintain a class action because the First Amended Complaint fails to adequately define any class of persons who could

properly prosecute this action as a class action; fails to allege any claims that can be prosecuted as a class action; and otherwise fails to satisfy the requirements and prerequisites for a class action contained in O.C.G.A. § 9-11-23 or in Fed. R. Civ. P. 23.

**TENTH DEFENSE**

Plaintiffs have interests which conflict with those of the putative class.

**ELEVENTH DEFENSE**

Class certification is inappropriate because the claims of or defenses to each claim of Plaintiffs do not raise questions of law or fact which are common to the claims of or defenses to the claims of each member of the putative class.

**TWELFTH DEFENSE**

Class certification is inappropriate because the claims of or defense to each claim of Plaintiffs are not typical of the claims of or defenses of each member of the putative class.

**THIRTEENTH DEFENSE**

Plaintiffs cannot maintain this action as a class action because Plaintiffs cannot fairly and adequately protect and represent the interest of each member of the class.

## FOURTEENTH DEFENSE

Class certification is inappropriate because Plaintiffs cannot demonstrate that class litigation is superior to other available means for adjudication of the claims raised in this case.

## FIFTEENTH DEFENSE

Class certification is inappropriate because the prosecution of separate claims or defenses by or against individual members of the purported class will not create a risk of either inconsistent or varying adjudications which will establish incompatible standards of conduct applicable to either Plaintiffs or members of the putative class or MEAG Power.

## SIXTEENTH DEFENSE

Class certification is inappropriate because the prosecution of separate claims of or defenses to claims of Plaintiff and each member of the putative class will not create a risk of adjudications which would, as a practical matter, be dispositive of the interests of Plaintiff and each member of the putative class, or substantially impair or impede the ability of other members of the putative class to protect their interests.

## SEVENTEENTH DEFENSE

Class certification is inappropriate because Defendants have not acted or refused to act on grounds generally applicable to all the members of the putative

class and final injunctive or declaratory relief concerning the class as a whole is not appropriate.

**EIGHTEENTH DEFENSE**

Class certification is not appropriate because the questions of law or fact alleged to be common to the claims of or defenses to the claims of Plaintiffs and the claims of or defenses to the claims of each member of the putative class do not predominate over any question of law or fact affecting Plaintiffs individually or individual members of the putative class, and class representation is not superior to other available methods for fair and efficient adjudication of the controversy.

**NINETEENTH DEFENSE**

Class certification is inappropriate because each member of the putative class has an interest in individually controlling the prosecution of separate claims or defenses.

**TWENTIETH DEFENSE**

Class certification is inappropriate because of the difficulties likely to be encountered in management of the claims of or defenses to claims on behalf of a class.

**TWENTY-FIRST DEFENSE**

Any putative claims available to Plaintiffs but not joined in this action are barred for failure to assert those claims in the First Amended Complaint.

**TWENTY-SECOND DEFENSE**

Class certification is inappropriate because trial of this case as a class action will deprive MEAG Power of due process of law in violation of the Constitution of the United States and the State of Georgia.

**TWENTY-THIRD DEFENSE**

Class certification is inappropriate because trial of this case as a class action will deprive MEAG Power of the right to a jury trial as guaranteed by Ga. Const. Art. I, Sec. I, Par. XI(a) and the 7th Amendment to the Constitution of the United States.

**TWENTY- FOURTH DEFENSE**

The damages that Plaintiffs seek in the Complaint are not recoverable or are otherwise limited under applicable law.

**TWENTY-FIFTH DEFENSE**

Some or all of Plaintiffs' claims are barred by the doctrine of sovereign immunity and/or governmental immunity.

**TWENTY-SIXTH DEFENSE**

Prior to filing this lawsuit, Plaintiffs did not comply with O.C.G.A. § 36-33-5; therefore, Plaintiffs' First Amended Complaint should be dismissed.

## TWENTY-SEVENTH DEFENSE

MEAG Power hereby gives notice that it intends to rely upon such other defenses as may be asserted by other parties or as may become available or apparent during the course of discovery and reserves the right to add or amend these defenses as discovery proceeds.

## GENERAL DENIAL

Defendant MEAG Power denies that Plaintiffs are entitled to any of the relief requested in their First Amended Complaint. Except to the extent admitted or otherwise specifically responded to herein, Defendant MEAG Power denies each and every allegation contained in Plaintiffs' First Amended Complaint.

WHEREFORE, having fully responded, Defendant MEAG Power requests:

(a) Judgment in its favor on each and every Count contained in Plaintiffs' First Amended Complaint;

(b) That the Court deny certification of the class;

(c) That all costs of the action, including reasonable attorneys' fees, be taxed upon Plaintiffs;

(d) In the event injunctive relief is granted that the Court require Plaintiffs to post a bond in an amount sufficient to protect MEAG Power's interests which will be affected as a result of the injunctive relief;

(e) That a trial by jury of twelve be had on all triable issues in this case; and

(f) That this Court grant Defendant MEAG Power such other and further relief as the Court deems just, equitable and proper.

This 21st day of December, 2010.

ALSTON & BIRD LLP

*<u>/s/ Peter M. Degnan</u>*

PETER M. DEGNAN
Georgia Bar Number 216150
JONATHAN E. WELLS
Georgia Bar Number 747819
SARAH T. BABCOCK
Georgia Bar Number 130427

Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000
(404) 881-7777 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2010 I electronically filed the foregoing Answer and Affirmative Defenses of the Municipal Electric Authority of Georgia to Plaintiffs' First Amended Complaint, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered for e-mail service on the CM/ECF system.

I further certify that the foregoing has been served by first-class United States mail on December 21, 2010 on the following counsel:

**Charles Edward Peeler**
Flynn Peeler & Phillips, LLC
517 West Broad Avenue
P.O. Box 7 (31702)
Albany, GA 31701

**Patrick S. Flynn**
Flynn Peeler & Phillips, LLC
P. O. Box 7 (31702)
517 West Broad Avenue
Albany, GA 31701

**Robert M. Margeson , III**
P.O. Box 768
Albany, GA 31708-0768

**Charles Nathan Davis**
P.O. Box 447
Suite 355-A, 201 W. Oglethorpe Boulevard
Albany, GA 31702-0447

**Jenise Shicole Smith**
201 W Oglethorpe Blvd Ste 355-A
Albany, GA 31701

**Benjamin Samuel Engram , Jr.**
P.O. Box 1578
Albany, GA 31702-1578

*/s/ Peter M. Degnan*
Peter M. Degnan
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309
Ph. (404) 881-7000
Fax (404) 881-7777

*Attorney for Proposed Intervenor Municipal Electric Authority of Georgia*