**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | |
|---|---|
| **ARDESSA FLOYD, individually and as representatives of a class; DIANNE CARR, individually and as representative of a class; PJ'S DECORATIVE FABRICS, INC., individually and as representative of a class,** | ) |
| **Plaintiffs,** | ) |
| **v.** | ) **CASE NO.: 1:10-CV-164 (WLS)** |
| **CITY OF ALBANY; DR. WILLIE ADAMS, JR., JON HOWARD, DOROTHY HUBBARD, CHRISTOPHER G. PIKE, ROGER B. MARIETTA, BOB LANGSTAFF, JR., TOMMIE POSTELL (all in their official capacities as mayor and/or members of the Board of City Commissioners of the City of Albany);WATER, GAS AND LIGHT COMMISSION OF THE CITY OF ALBANY; BOARD OF WATER, GAS AND LIGHT COMMISSIONERS OF THE CITY OF ALBANY; DR. WILLIE ADAMS, JR., JOANN POPE, CAROL H. FULLERTON, ANDREW J. REID, SR., COMMODORE CONYERS (all in their official capacities as members of the Board of Water, Gas and Light Commissioners of the City of Albany),** | ) |
| **Defendants.** | ) |

**PLAINTIFFS' MOTION TO REMAND, REQUEST FOR HEARING,**
**MOTION FOR ATTORNEY'S FEES AND MEMORANDUM OF LAW IN SUPPORT**

NOW COME Plaintiffs pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1447 and in

support of this Motion to Remand say as follows:

1. On November 18, 2010, Plaintiffs, individually and as representatives of a class, filed a Complaint in the Superior Court of Dougherty County Georgia, Civil Action No. 10- CV-2821. The Complaint is against Defendants, the City of Albany, Dr. Willie Adams, Jr., Jon Howard, Dorothy Hubbard, Christopher G. Pike, Roger B. Marietta, Bob Langstaff, Jr., Tommie Postell (hereinafter "The City of Albany"); and Water, Gas and Light Commission of Albany, Board of Water, Gas And Light Commissioners of The City of Albany; Dr. Willie Adams, Jr., Joann Pope, Carol H. Fullerton, Andrew J. Reid, Sr., Commodore Conyers (hereinafter "WGL") (The City of Albany and WGL are hereinafter individually and collectively referred to as "Defendants").

2. The class that Plaintiffs represent is comprised of those persons who have paid electrical rates to WGL between March 24, 2009 and the present. While Defendants are in possession of full information regarding the addresses where this electricity was used, and other evidence regarding citizenship of all class members, it is presumably undisputed that more than two-thirds of the class members are citizens of the State of Georgia.[1] Defendants are all residents of the State of Georgia.

3. Plaintiffs' Complaint alleges that funds being paid by MEAG to WGL from the Municipal Competitive Trust Agreement dated January 1, 1999 and amendments thereto (hereinafter the "MCT") are being unlawfully transferred to the City of Albany pursuant to the March 24, 2009, Ordinance No. 09-113 (hereinafter the "Ordinance"). The Ordinance, in pertinent part, provides:

---

[1] Plaintiffs will immediately serve Defendants with discovery requests seeking the information in defendant's possession regarding the addresses of these rate payers, and the location of property where electricity purchased by them from WGL was used.

> All funds received by the Water, Gas and Light Commission (WG&L) [WGL] from the MEAG Municipal Competitive Agreement created as of January 1, 1999, shall be kept separate from the other funds of WG&L [WGL]. WG&L [WGL] shall maintain custody and control of 33 1/3% of such funds; the balance of such funds shall be made available to the Mayor and Board of Commissioners of the City of Albany. This requires WG&L [WGL], whether such funds are in the form of credits or otherwise from MEAG to turn over 66 2/3% of such amount to the general fund of the Mayor and Board of Commissioners of the City of Albany one-half ( 1/2) of such amount to be used to meet general obligations of the City of Albany and one-half ( 1/2) of such amount to be managed by the Long Term Financial Plan Committee described in paragraph (6) [13] below. Without limiting the generality of the foregoing, such MEAG credits in favor of WG&L [WGL] shall result in WG&L [WGL], within three business days of such credit, wire transferring to the City an amount of money equal to 66 2/3% of such credit.

4. Plaintiffs challenge the lawfulness of the Ordinance under the Georgia Constitution and assert claims for breach of contract. On these same bases, Plaintiffs further challenge the legality of the transfer of any MEAG distributions from WGL to the City of Albany pursuant to the Ordinance; the transfer of any MEAG distributions to the "Long Term Financial Plan Committee;" and the manner and ways in which WGL is expending its portion of the MEAG distributions as not being in accordance with the provisions of the MCT. The Plaintiffs' Complaint alleges violations of Georgia law only. Plaintiffs' Complaint makes no allegations arising under "Federal" law.

5. Defendants wrongfully filed a Notice of Removal with this Court on Friday, December 2, 2010, asserting that this Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(d)(2). See, Notice of Removal ¶ 5.

6. Under 28 U.S.C. § 1332(d)(4)(B) however, a district court ***shall decline*** to exercise jurisdiction under 28 U.S.C. § 1332(d)(2) if "Two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State

in which the action was originally filed."

7. Here, there is presumably no dispute that more than two-thirds of the class members are Georgia citizens. Defendants Notice of Removal alleges only that "upon information and belief," a single class member out of the many thousands who have paid electrical rates to WGL between March 24, 2009 and the present, is a citizen of a different state. See, Notice of Removal, ¶¶ 7, 8, 9. All Defendants are Georgia citizens. Therefore, under 28 USC § 1332(d) (4) (B), the Court **must decline** to exercise jurisdiction in this case, and must remand it to the Superior Court of Dougherty County Georgia.

8. Under 28 U.S.C. § 1447(c), "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In determining whether fees should be awarded, the Court must determine whether the removal was "objectively reasonable." See, Simenz v. Amerihome Mortg. Co., LLC, 544 F. Supp. 2d 743 (E.D. Wis. 2008). In that case, the defendant mortgage company, like the Defendants in this case, removed the case under 28 U.S.C. § 1332(d)(2), arguing that there was diversity between the plaintiffs and one of the defendants. Plaintiffs moved to remand citing subsection (d)(4). The court held that the defendant's removal of the plaintiff's putative class action under 28 U.S.C.S. § 1332(d)(2), was not objectively reasonable because more than two-thirds of class members were citizens of Wisconsin. Id. The court remanded pursuant to 28 U.S.C. § 1332(d)(4)(B), and awarded the plaintiff $19,303.04 in actual expenses, including attorney fees, incurred as result of removal pursuant to 28 U.S.C.S. § 1447(c). Explaining the rationale behind this award, the court noted,

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Thus, when a party's adversary wrongfully drags them into a

> second judicial system, the loser must expect to cover the incremental costs. 28 U.S.C.S. § 1147(c), the fee-shifting provision applicable to wrongful removal, provides that an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. This section gives district courts discretion to award expenses when a defendant lacked an objectively reasonable basis for seeking removal. Removal is not reasonable if it is foreclosed by law that is clearly established at the time of removal.

Id. (Internal citations omitted).

9. Here, the Defendants chose to file a Notice of Removal under 28 U.S.C. § 1332(d)(2), apparently without considering the clear language of subsection (d)(4)(B) just below it, which unequivocally prohibits this Court from exercising jurisdiction. Through Open Records Requests, Plaintiffs have requested that Defendant WGL produce documents related to the residency of the Plaintiffs' class, but Defendant WGL refused to produce the requested documents.

10. Defendants' attempted removal is not objectively reasonable, and is foreclosed by law that was clearly established at the time of removal. Pursuant to 28 U.S.C.S. § 1447(c), Plaintiffs are therefore entitled to all of their actual expenses, including attorney's fees, incurred as result of Defendants' wrongful removal.

11. Plaintiffs request a hearing on this Motion at which time the Court shall consider evidence and arguments of counsel in connection with this Motion.

WHEREFORE, Plaintiffs request that this Court enter an Order remanding this case to the Superior Court of Dougherty County, Georgia. Plaintiffs further request that this Court enter an Order for Defendants to pay Plaintiffs all of their actual expenses, including attorney fees, incurred as result of Defendants' wrongful removal of this case. Plaintiffs request such further relief as may be appropriate.

Respectfully submitted this the 11th day of January 2011.

FLYNN PEELER & PHILLIPS, LLC

**/s/Patrick S. Flynn**
Patrick S. Flynn
Georgia State Bar No. 004765
Charles E. Peeler
Georgia State Bar No. 570399
Post Office Box 7 (31702)
517 West Broad Avenue
Albany, GA 31701
Tel: (229) 446-4886
Fax: (229) 446-4884
pflynn@fpplaw.com

MARGESON, FLYNN & ASSOCIATES

Robert M. Margeson, III
Georgia State Bar No: 470500
317 West Tift Avenue
Albany, GA 31701
Tel: (229) 883-5350
Fax: (229) 883-5391
robert@margesonlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| **ARDESSA FLOYD, individually and as representatives of a class; DIANNE CARR, individually and as representative of a class; PJ'S DECORATIVE FABRICS, INC., individually and as representative of a class,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **CASE NO.: 1:10-CV-164 (WLS)** |
| **CITY OF ALBANY; DR. WILLIE ADAMS, JR., JON HOWARD, DOROTHY HUBBARD, CHRISTOPHER G. PIKE, ROGER B. MARIETTA, BOB LANGSTAFF, JR., TOMMIE POSTELL (all in their official capacities as mayor and/or members of the Board of City Commissioners of the City of Albany);WATER, GAS AND LIGHT COMMISSION OF THE CITY OF ALBANY; BOARD OF WATER, GAS AND LIGHT COMMISSIONERS OF THE CITY OF ALBANY; DR. WILLIE ADAMS, JR., JOANN POPE, CAROL H. FULLERTON, ANDREW J. REID, SR., COMMODORE CONYERS (all in their official capacities as members of the Board of Water, Gas and Light Commissioners of the City of Albany),** | ) | |
| **Defendants.** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2011, I caused a true and correct copy of the foregoing PLAINTIFFS' MOTION TO REMAND, REQUEST FOR HEARING, MOTION

FOR ATTORNEY'S FEES AND MEMORANDUM OF LAW IN SUPPORT to be electronically filed through the Court's CM/ECF system which shall cause service to be electronically made upon the following:

Mr. C. Nathan Davis
Ms. Jenise S. Smith
City of Albany
201 W. Oglethorpe Blvd.,
Ste 355-A
P. O. Box 447
Albany, Georgia 31701

Mr. B. Samuel Engram, Jr.
B. Samuel Engram, Jr., P.C.
415 Pine Avenue, Suite 102
P. O. Box 1578
Albany, Georgia 31702-1578

Mr. Peter M. Degnan
Mr. Jonathan E. Wells
Ms. Sarah T. Babcock
Alston & Bird, LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309

This the 11th day of January 2011.

FLYNN PEELER & PHILLIPS, LLC

**/s/Patrick S. Flynn**
Patrick S. Flynn
Georgia State Bar No. 004765
Charles E. Peeler
Georgia State Bar No. 570399
Post Office Box 7 (31702)
517 West Broad Avenue
Albany, GA 31701
Tel: (229) 446-4886
Fax: (229) 446-4884
pflynn@fpplaw.com